

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ENERGY & EXPLORATION PARTNERS, | § | Case No. 15-44931-RFN-11 |
| INC., | § | Chapter 11 |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| HAROLD METZLER, | § | |
| | § | |
| Appellant, | § | |
| | § | District Court Case |
| VS. | § | No. 4:18-CV-675-A |
| | § | |
| ENERGY & EXPLORATION PARTNERS, | § | |
| INC., | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of appellee, Energy & Exploration Partners, Inc., to dismiss appeal. The court, having considered the motion, the response[1] of appellant, Harold Metzler, the reply, the record, and applicable authorities, finds that the motion should be granted.

### I.

### Ground of the Motion

This is an appeal from an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, granting in part and denying in part a motion of

---

[1] Appellant's response includes a motion to strike appellee's brief in support of its motion to dismiss. The filing of appellee's motion is governed by the Local Civil Rules of this court, in particular LR 7.1.

appellee to enforce confirmation order against appellant. Appellee says that the order is interlocutory and that the appeal is premature and must be dismissed.

II.

Background[2]

On April 15, 2014, Treadstone Energy Partners, LLC ("Treadstone") filed a lawsuit against appellant, alleging that appellant was wrongfully preventing it from accessing his surface estate to conduct oil and gas drilling operations (the "Texas lawsuit"). Treadstone and appellant purported to resolve the Texas lawsuit by entering into a surface use agreement dated June 3, 2014 (the "Agreement"). Treadstone then sold a portion of its acreage and assigned its rights in the Agreement to appellee.[3] Nevertheless, the Texas lawsuit continued.

On December 7, 2015, appellee and certain affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which had the effect of staying the Texas lawsuit. Despite the stay, appellant filed, on December 15, 2015, his third amended answer and counterclaims in the Texas lawsuit, asserting

---

[2]Appellant does not dispute the factual background section of appellee's brief and the court here summarizes the facts as described therein.

[3]For ease of reference, the court refers only to appellee, although certain of its affiliates were also involved in the transactions and proceedings described.

2

claims related to appellee's use of "fly ashing" during remediation of wastewater disposal pits on appellant's property.

The bankruptcy cases culminated in a consensual plan of reorganization (the "Plan"). On April 26, 2016, the bankruptcy court entered findings of fact, conclusions of law, and an order confirming the Plan (the "Confirmation Order"). The Plan became effective May 13, 2016.

Through the Plan and Confirmation Order, appellee obtained a discharge and injunctive relief against actions seeking to enforce prior debts. Pursuant to the Plan, the bankruptcy court retained exclusive jurisdiction to:

> enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with these Chapter 11 Cases or pursuant to the Plan;
>
> issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with implementation, Consummation, or enforcement of this Plan, and/or the Confirmation Order; [and]
>
> hear and determine all disputes involving the existence, nature, or scope of the Debtors' discharge or any releases granted in [the] Plan.

R.[4] 1049, ¶¶ K, H, & N, respectively.

Appellant attempted to pursue the Texas lawsuit and appellee responded in state court. Appellee also filed in bankruptcy court

---

[4] The "R. __" reference is to the record on appeal.

a motion to enforce the Confirmation Order and Plan and injunction provisions, arguing that appellant's efforts to continue the Texas lawsuit were barred by the discharge and injunction provisions of the Plan and Confirmation Order and, in any event, the bankruptcy court had exclusive jurisdiction over claims arising prior to the effective date of the Plan.

On July 24, 2018, the bankruptcy court held a hearing on appellee's motion. At the conclusion of the hearing, the bankruptcy judge explained why he was granting in part and denying in part the motion. R. 1662-66. Relief was only granted to the extent that the bankruptcy judge determined that the bankruptcy court was the appropriate court to resolve the dispute between the parties.[5] Id. at 1665. As appellant's counsel recognized, "What we're talking about is the interpretation of the plan and confirmation order. I think that's the only reason we're here today, is the interpretation of those things." Id. at 1642. And, the interpretation has yet to be resolved.

III.

Analysis

This court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C.

---

[5]It appears that the written order from which appeal is taken may be broader than the oral pronouncement of the bankruptcy court's ruling. However, appellant agreed to that language.

§ 158(a)(1). Because of the nature of bankruptcy, the interpretation of "final" is flexible. Bourne v. Northwood Props., LLC (In re Northwood Props., LLC), 509 F.3d 15, 21 (1st Cir. 2007). Nevertheless, to be final in character, an order by a bankruptcy court must resolve a discrete unit in the larger case. Path-Science Labs., Inc. v. Greene Cty. Hosp. (In re Greene Cty. Hosp.), 835 F.2d 589, 595 (5th Cir. 1988). And, the Fifth Circuit has tended to define such discrete units as coterminous with adversary proceedings. Orix Credit Alliance, Inc. v. Heard Fam. Trucking, Inc. (In re Heard Fam. Trucking, Inc.), 41 F.3d 1027, 1029 (5th Cir. 1995). Orders that pertain to jurisdiction only are not final orders subject to appeal. See, e.g., Greene Cty. Hosp., 835 F.2d at 595; Cty. Mgmt., Inc. v. Kriegel (In re Cty. Mgmt., Inc.), 788 F.2d 311, 313 n. 3 (5th Cir. 1986).

In this case, it is clear that the bankruptcy court has only addressed a preliminary matter with regard to the dispute between the parties. The appeal is premature and will be dismissed.

V.

Order

The court ORDERS that appellant's motion to strike appellee's brief be, and is hereby, denied.

The court further ORDERS that appellee's motion to dismiss be, and is hereby, granted, and the appeal in this action be, and is hereby, dismissed as premature.

SIGNED October 11, 2018.

_____
JOHN McBRYDE
United States District Judge